June, 1809.

STOYEL
v.
WESTCOTT.

---

ISAAC STOYEL *against* AMOS WESTCOTT, jun.

WRIT of error.

This suit was originally commenced in *August*, 1805, and was brought before this court, on a writ of error, in *June*, 1807; when the judgment of the superior court was reversed, for the insufficiency of the declaration.

An action sounding in tort against *A.* an inhabitant of the state of *Rhode-Island*, and *B.* an inhabitant of this state, being brought to the county court, *A.* did not appear, nor put in a plea, but *B.* appeared and pleaded to the action, and judgment was rendered, at the first term, in favour of the defendants; the plaintiff then appealed to the superior court, and there had judgment in his favour: Held, that the proceedings of the county court were void, and the judgment of the superior court erroneous, being rendered without regular process in the cause.

tion.(a)   The cause being remanded to the superior court, and entered on reversal, the declaration was amended by stating the date of the writ by virtue of which *Westcott* arrested *Stoyel*, and the court to which that writ was made returnable.   *Stoyel* then pleaded anew, (*Carder* having died since the commencement of the suit,) the plaintiff replied, and the pleadings terminated in a demurrer.   The court gave judgment for the plaintiff.   The defendant then brought this writ of error, setting forth the whole record in the court below. A new ground of error being now relied upon, it becomes necessary to state, that this action was brought against *Stoyel* and *Carder*, by a writ of attachment dated the 8th of *August*, 1805, returnable to the *Windham* county court, on the third *Tuesday* of that month; that *Stoyel* was described as " of *Foster*, in the county of *Providence*, and state of *Rhode-Island*," and *Carder* of *Killingly*, in *Windham* county ; that service was made by attaching property, and leaving a copy with *Carder ;* and that the writ was duly returned.   The record of the county court, so far as it respects the appearance and pleadings of the parties, and the judgment thereon, is as follows :

" The defendant (*Carder*) in court, defends, pleads, and says, that the plaintiff's declaration, and the matters therein contained, are insufficient in the law ; all which he is ready to verify, and thereof prays judgment.

" *Parish*, for said *Carder.*

" The plaintiff says his declaration is sufficient.

" *Backus* and *Learned*, for the plaintiff.

(a) *Vide* 2 *Day*, 418.

" *Windham*, ss. *County Court, August* term, 1805.

" *Amos Westcott*, jun. of *Killingly*, in the county of *Windham*, plaintiff; *William Carder*, of said *Killingly*, and *Isaac Stoyel*, of *Foster*, in the county of *Providence*, and state of *Rhode-Island*, defendants.

" In a plea of the case, demanding one thousand dollars damages, with cost, as *per* writ on file, dated *August* 8th, 1805. The parties appeared; the defendant *Carder* in court demurred to the declaration of the plaintiff; and the plaintiff joined in said demurrer, as on file. This court are of opinion, and adjudge, that the declaration of the plaintiff is insufficient in law. Thereupon it is considered by this court, that the defendants recover of the plaintiff their cost." The plaintiff appealed to the superior court. The history of the cause subsequent to that period, has already been given.

*Staples* and *Evarts*, for the plaintiff in error, contended, that the judgment ought to be reversed on the following grounds:

1. That the declaration was still bad: first, because the writ by virtue of which *Westcott* arrested *Stoyel*, as set forth, gave him no authority to make the arrest; secondly, because matters were joined in the declaration which cannot be joined.

2. That the plea in bar was a complete answer to every material allegation in the declaration; as it contained direct and positive allegations, which it was necessary to demur to, or traverse, or avoid by new matter.

3. That the replication was clearly bad; but yet admitted in terms the truth of the plea in bar as pleaded.

4. That the superior court could not render any judgment against *Stoyel*, as the cause was not regularly before them.

To all these exceptions *Daggett* and *Goddard*, for the defendant in error, replied; and the case was very fully argued on both sides. But as the decision turned solely on one of the points, and that least considered by the counsel, a particular report of the arguments is deemed unnecessary.(*a*)

BY THE COURT. It appears from the record in this case, that *Stoyel*, one of the original defendants, was an inhabitant of the state of *Rhode-Island;* that judgment in the county court was rendered the term to which the action was brought, without any appearance on the part of *Stoyel*, or plea put in by him; and that he was in no way party to the cause, until after the same was appealed, and entered in the docket of the superior court. The proceedings of the county court were therefore void;(*b*) and the cause in the superior court was in the same situation as any other cause would be entered there without process. The proceedings and judgment of the superior court must, as a necessary consequence, be erroneous, and ought to be reversed.

Judgment reversed.

(*a*) For the same reason a particular statement of the pleadings in the superior court is omitted.

(*b*) *Vide Stat. Conn.* tit. 6. c. 1. s. 3. by which it is provided, that "if the party against whom suit is brought, is not an inhabitant, or a sojourner, in this state, or is absent out of the same, at the time of commencing such suit, and doth not return before the first day of the court's sitting, the judges of the court where such suit is brought, shall continue the action to the next court; and if the defendant doth not then appear, (by himself or attorney,) and be so remote, that the notice of such suit depending could not probably be conveyed to him during the vacancy, the judges, at such next court, may further continue the action to the court thence next following, and no longer, but may enter up judgment on default after such continuance, or continuances."